**STATE OF MONTANA,**

**Plaintiff,**                                                   NO. 94-9

**vs.**                                                          DECISION

**ARLEE GAIL SMITH,**

**Defendant.**

On June 2, 1994 the defendant was sentenced to a term of twelve (12) years on each of said two counts of Sexual Assault, both felonies, at hard labor to be served concurrently or at the same time, and not consecutively, at Montana State Prison. Credit shall be given for 163 days already served through his date of sentencing. The defendant has been determined to be a nondangerous offender, but that because of his sexual abuse of the child victims herein, his parole conditions shall specifically include that he cannot at any time or place be alone with children under the age of eighteen (18) years, that he shall not use, consume or possess any alcoholic beverages or unlawful drugs, and shall not have or possess any pornography. The defendant shall not be eligible for parole until he either successfully completes phases 1 and 2 of the sex offender program at Montana State Prison, or has served three (3) years (less 163 days) of his sentence, whichever be sooner. If he has not completed such program before parole, he shall continue counseling on his own for at least the first year of parole at his own expense. That defendant must register with the police department or sheriff's office wherever he lives after parole, and must fully comply with the Montana Sex Offenders Registration Act and related provisions of the law (46-23-501 et. seq.,

46-18-254 and 46-18-255, MCA 1993), for a period of ten (10) years after his parole, and is hereby specifically advised his failure to do so can result in new additional criminal charges against him. That defendant shall be permitted to enroll and participate in the drug/alcohol education and counseling program at Montana State Prison, provided he complies with all rules and regulations thereof. That defendant shall also pay a surcharge of $40. ($20.00 on each count) immediately, plus up to $300. each for counseling of the two minor victims herein if their parents deem it necessary, plus $400. restitution for Fred Lemon's evaluation, plus $500. for court-appointed attorney fees, plus $600. fine, making a total of $2,100. Said payments shall be made to the clerk of this court at the rate of at least $100. a month, commencing within sixty (60) days after defendant's parole, and his failure to pay them shall be a parole violation.

On October 13, 1994, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it if such is possible. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence will remain the same as originally imposed.

The reason for the decision is the sentence imposed by the District Court is presumed correct pursuant to Section 46-18-904(3), MCA. The Division finds that the reasons advanced for modification are insufficient to deem inadequate or excessive as required to overcome the presumption per Rule 17 of the Rules of the Sentence Review Division of the Montana Supreme Court.

Done in open Court this 13th day of October, 1994.

SIGNED this 22nd day of November, 1994.

**Hon. G. Todd Baugh, Chairman, Hon. John Warner and Hon. Ted Lympus, Members.**

The Sentence Review Board wishes to thank Arlee Smith for representing himself in this matter.